# United States District Court
### for the
### Western District of New York

| | |
|---|---|
| United States of America | |
| v. | Case No. 24-mj-1211 |
| THOMAS R. PRIVIGLIAN | |
| *Defendant* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about September 9, 2024, the defendant, THOMAS R. PRIVIGLIAN, did knowingly and intentionally possess with the intent to distribute N-phenyl-N-[1-(2-phenylethyl)-4-piperi-dinyl] (fentanyl), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

This Criminal Complaint is based on these facts:

☒  Continued on the attached sheet.

SR HIGGINS (Affiliate)
Digitally signed by SR HIGGINS (Affiliate)
Date: 2024.10.21 12:52:59 -04'00'

S.R. CORY HIGGINS
Task Force Officer
Drug Enforcement Administration

Sworn to telephonically.

Date: October 22, 2024

City and State:  Buffalo, New York

HONORABLE JEREMIAH J. MCCARTHY
UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

# AFFIDAVIT

STATE OF NEW YORK            )
COUNTY OF CATTARAUGUS  )     SS:
TOWN OF RANDOPH            )

**S.R. CORY HIGGINS**, a Task Force Officer (TFO) of the Drug Enforcement Administration (DEA), United States Department of Justice, Buffalo, New York, having been duly sworn, states as follows:

## INTRODUCTION

1.  I am a Deputy Sheriff employed by the Cattaraugus County Sheriff's Office (CCSO) since 1994. I am an "investigative or law enforcement officer of the United States" within the meaning of Section 2510(7) of Title 18, United States Code, that is, a TFO of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516, Title 18, United States Code. I am currently assigned to the Enforcement Group D-58, which is composed of Special Agents and Local Law Enforcement officers investigating narcotics trafficking. I have been employed as a TFO for the DEA since December 2001 and I have participated in numerous investigations concerning the distribution of narcotics and the laundering of drug proceeds.

2.  During my law enforcement career, I have participated in numerous investigations targeting individuals engaging in the trafficking and distribution of narcotics. Based on my training, experience in law enforcement, and conversations with DEA Special Agents (SAs) and TFOs, and other law enforcement officers, I am familiar with how

controlled substances are cultivated, manufactured, processed, packaged, distributed, sold, and used by individuals involved in drug trafficking activities, and how drug traffickers use electronic communications to facilitate their illegal activities.

3. As a result of my training and experience, I am familiar with the language, conduct, and customs of people engaged in narcotics transactions and narcotics conspiracies. My investigative experience, as well as the experience of other law enforcement agents who are participating in this investigation, serve as the basis for the opinions and conclusions set forth herein. I have not included every fact and circumstance known to me in this affidavit, but I have included facts and circumstances that I believe establish probable cause to support the submitted Criminal Complaint.

4. I make this affidavit in support of an application for a Criminal Complaint charging Thomas R. PRIVIGLIAN with a violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) (possession with intent to distribute N-phenyl-N-[1-(2-phenylethyl)-4-piperi-dinyl]) (fentanyl). Fentanyl is a Schedule II controlled substance.

## PROBABLE CAUSE

5. Your deponent was informed that on September 9, 2024, at approximately 10:57 p.m., Officer Ryan Grey of the town of Ellicottville Police Department was on routine patrol when he conducted a traffic stop on a 2015 Gray Jeep Cherokee, bearing NY registration number KAV7144. Officer Grey conducted the traffic stop because he observed the vehicle traveling South on NYS Route 219 and confirmed with the mounted radar

equipment in Officer Grey's patrol vehicle that the Jeep Cherokee was travelling at a speed of 67 miles per hour. The posted speed limit was 55 miles per hour.

6. Once the vehicle stopped, Officer Grey approached from the passenger side and interviewed the operator. The operator was later identified as Thomas R. PRIVIGLIAN. During the course of the roadside interview, Officer Grey noticed a small piece of foil on the passenger seat of PRIVIGLIAN's vehicle and another piece of foil with a burn mark on the floor, behind the front passenger seat. Officer Grey also observed a large box of Narcan located in the center console.

7. Based on his training and experience, Officer Grey believed the foil and Narcan are associated with the possession and use of illicit drugs. Officer Grey further observed PRIVIGLIAN to be overly anxious with profuse sweating causing a ring around the collar of his T-shirt. It should be noted that temperatures at that time were around 50 degrees Fahrenheit. Moreover, Officer Grey observed PRIVIGLIAN's pupils to be abnormally constricted in the darkness.

8. Based on these observations, Officer Grey requested PRIVIGLIAN to exit the vehicle and conducted a pat search for weapons. During this time, Officer Grey reported that PRIVIGLIAN started patting himself down and moving around in such a manner that obstructed Officer Grey's abilities to do an adequate pat down search, particularly near PRIVIGLIAN's front pocket area. After the pat down search, PRIVIGLIAN submitted to a Standardized Field Sobriety Test, which revealed that his pupils did not react to the light,

remained constricted, which in Officer Grey's training and experience are signs of impairment.

9. Officer Grey searched PRIVIGLIAN's vehicle starting in the area where drug paraphernalia was observed. During the search, Officer Grey found a small black bag on the rear passenger seat which contained drug paraphernalia, such as hypodermic instruments and a hollow pen body. Also located in the black bag was a clear plastic bag containing a purple powdery substance. A field test of the substance performed by Officer Grey determined a positive reading for fentanyl, weighing approximately 101.18 grams.

10. During the time Officer Grey was searching the vehicle, Cattaraugus County Sheriff's Deputy Salvatore Seitz was detaining PRIVIGLIAN. Deputy Seitz noted that during this time, Deputy Seitz searched PRIVIGLIAN and found a piece of foil with burnt marks and a small amount of unknown substance within the piece of foil, as well as a hollow pen body in the pants pocket of PRIVIGLIAN. Further, Deputy Seitz reported that during the search PRIVIGLIAN pulled away in an attempt to prevent Deputy Seitz from searching PRIVIGLIAN's person, and PRIVIGLIAN yelled that Deputy Seitz was hitting his genital area.

11. Officer Grey then placed PRIVIGLIAN into custody and provided PRIVIGLIAN with Miranda Warnings. Officer Grey noted that during this time PRIVIGLIAN was sweating even more profusely then earlier noted, with his entire body dripping with sweat. PRIVIGLIAN was then transported to the Ellicottville Police Station to be processed.

12. Once at the Ellicottville Police Station, PRIVIGLIAN was strip-searched by Officer Grey and Deputy Seitz. During this search, Officer Grey seized two clear plastic bags containing suspected fentanyl, which were secreted in PRIVIGLIAN's buttocks. Deputy Grey then performed a field test of the substance, which resulted in a positive presence for fentanyl, weighing approximately 106.3 grams and 76.4 grams, respectively. Your Affiant submitted the drug evidence to the DEA Northeast Regional Laboratory for examination. The results are pending.

13. Based on my training and experience, the possession of such a large quantity of fentanyl and the manner in which it is packaged is inconsistent with personal use of fentanyl and is, instead, consistent with fentanyl distribution.

**WHEREFORE**, based on the foregoing, I respectfully submit that probable cause exists to believe that **Thomas R. PRIVIGLIAN** has violated Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) (possession with intent to distribute fentanyl).

> SR HIGGINS (Affiliate)
> Digitally signed by SR HIGGINS (Affiliate)
> Date: 2024.10.21 12:54:01 -04'00'
>
> S.R. CORY HIGGINS
> Task Force Officer
> Drug Enforcement Administration

Sworn to telephonically on
this 22nd day of October, 2024.

_____
HONORABLE JEREMIAH J. MCCARTHY
UNITED STATES MAGISTRATE JUDGE

5